IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| CLARENCE SUMMERS,<br>Institutional ID No. 1126279,<br>SID No. 6824901, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CIVIL ACTION NO.<br>5:11-CV-00150-C |
| OFFICER S. ZABICA, CO III, | )<br>) | |
| Defendant. | ) | ECF |

## ORDER

Plaintiff Clarence Summers, acting *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendant CO III Zabica and was granted permission to proceed *in forma pauperis*.

The complaint was transferred to the docket of the United States Magistrate Judge, who ordered authenticated copies of Plaintiff's jail records that were relevant to his complaint and notified authorities that a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985), would be scheduled in the near future. Before the hearing could be conducted, however, Plaintiff filed a motion requesting to have his complaint voluntarily dismissed.

Because Plaintiff did not consent to proceed before the United States Magistrate Judge, pursuant to this Court's Order entered on March 8, 2012, the Magistrate Judge (1) entered a report and recommendation regarding Plaintiff's voluntary motion to dismiss, (2) cancelled the *Spears* evidentiary hearing, and (3) transferred the case back to this Court on April 3, 2012. Plaintiff did not file objections to the Report and Recommendation, but on April 9, 2012, he filed a second motion requesting to have his complaint voluntarily dismissed.

This Court has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED and Plaintiff's second motion requesting that his complaint be voluntarily dismissed should be granted.

It is, therefore, **ORDERED**:

(1) Both of Plaintiff's motions requesting voluntary dismissal of the instant civil complaint are granted and Civil Action No. 5:11-CV-00150-C and all claims alleged therein are DISMISSED without prejudice.

(2) Any pending motions are DENIED.

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated June 22, 2012.

SAM R. CUMMINGS
United States District Judge